William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500

*Attorneys for Plaintiffs*
*Bausch & Lomb Incorporated,*
*Bausch & Lomb Ireland Limited,*
*and Nicox S.A.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAUSCH & LOMB INCORPORATED;<br>BAUSCH & LOMB IRELAND LIMITED;<br>and NICOX S.A.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SABA ILAC SANAYI VE TICARET A.S.,<br><br>    Defendant. | Civil Action No. 25-15127<br><br>*Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Bausch & Lomb Incorporated, Bausch & Lomb Ireland Limited, and Nicox, S.A. (collectively, "Plaintiffs") by way of Complaint against Defendant Saba Ilac Sanayi ve Ticaret A.S. ("Saba") allege as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of U.S. Patent No. 8,058,467 ("the '467 patent") (the "Asserted Patent") arising under the United States patent laws, Title 35, United States Code, § 100 et seq., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of infringement under 28 U.S.C. §§ 2201 and 2202. This action relates to Saba's filing of an Abbreviated New

Drug Application ("ANDA") under Section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic latanoprostene bunod ophthalmic solution, 0.024% ("Saba's generic latanoprostene bunod product" or "Saba's ANDA product") prior to the expiration of the Asserted Patent.

## THE PARTIES

2.      Plaintiff Bausch & Lomb Incorporated ("B+L") is a corporation organized and existing under the laws of New York with a place of business at 1400 N. Goodman St. Rochester, New York 14609.

3.      B+L is the registered holder of approved New Drug Application ("NDA") No. 207795, which FDA approved on November 2, 2017.

4.      B+L manufactures and markets the product covered by NDA No. 207795 ("Vyzulta") in the United States.  The product is marketed under the registered trade name Vyzulta®.  Vyzulta, which has an active ingredient of latanoprostene bunod, is approved by FDA for the reduction of intraocular pressure ("IOP") in patients with open-angle glaucoma or ocular hypertension.

5.      Plaintiff Bausch & Lomb Ireland Limited ("B+L Ireland") is a company organized and existing under the laws of Ireland, having its registered office at 3013 Lake Drive, Citywest Business Park, Dublin, Ireland.  B+L Ireland exclusively licenses the Asserted Patent.

6.      Plaintiff Nicox S.A. ("Nicox") is a company organized and existing under the laws of France, having its registered office at Sundesk Sophia Antipolis, Emerald Square, Rue Evariste Galois, 06410 Biot, France.  Nicox is the owner of the Asserted Patent.

7.      Upon information and belief, Saba is a company organized and existing under the laws of Turkey with a principal place of business at Halkali Merkez Mh., Basin Ekspres Cd. 5/1B, 34303 Kucukcekmece, Istanbul, Turkey.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

9.      This Court may exercise jurisdiction over Saba pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Saba is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Saba has sufficient contacts with the United States as a whole, including, but not limited to, submitting the Saba ANDA to FDA with the intent to develop, manufacture, market, sell, distribute, and/or import Saba's ANDA product throughout the United States, such that this Court's exercise of jurisdiction over Saba satisfies due process.

10.     Upon information and belief, this court has jurisdiction over Saba.  Upon information and belief, Saba is in the business of, *inter alia*, developing, manufacturing, marketing, importing and selling pharmaceutical products, including generic drug products.  Upon information and belief, Saba directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Saba's generic latanoprostene bunod product.  Upon information and belief, Saba purposefully has conducted and continues to conduct business in this judicial district, and therefore transact business within New Jersey related to Plaintiffs' claims. Saba therefore has consented to general jurisdiction in New Jersey.

11.     Saba has taken the costly, significant step of applying to FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at, upon information and belief, New Jersey and elsewhere.  Saba's ANDA filing constitutes formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs.  Upon information and belief, Saba intends to direct sales of its drugs into New Jersey, among other places, once it has the requested FDA approval to market them.  Upon information and belief, Saba will engage in marketing, sale, and offer for sale of its generic latanoprostene bunod product in New Jersey upon approval of its ANDA.  On information and belief, Saba's ANDA Product would be prescribed by physicians practicing in New Jersey, dispensed by pharmacies within New Jersey, and used by patients in New Jersey. Each of these activities would have a substantial effect within New Jersey and would constitute infringement of the Asserted Patent in the event the ANDA Product were approved before the Asserted Patent expires.

12.     Saba has designated Shashank Upadhye, Upadhye Tang LLP, 109 Symonds Drive, #174, Hinsdale, Illinois 60522-0174, as an agent in the United States authorized to accept service of process for Saba with respect to Saba's ANDA seeking FDA approval for its generic latanoprostene bunod product.

13.     Saba knows or should know that Vyzulta$^®$ is manufactured and distributed by B+L, at least because that information is included in the label for Vyzulta$^®$ and is publicly available. Pursuant to  28 U.S.C. §§ 1391 and § 1400(b), venue is proper in this judicial district as to Saba because it is a company organized and existing under the laws of Turkey and may be sued in any judicial district.

14.     On information and belief, Saba owns the ANDA No. 218547.

## THE PATENT-IN-SUIT

15.     FDA issues a publication entitled Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

16.     In accordance with 21 U.S.C. § 355(b)(1), the Asserted Patent is listed in the Orange Book in connection with NDA No. 207795 as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug" Vyzulta.

17.     The U.S. Patent and Trademark Office ("PTO") issued the '467 patent on November 15, 2011.  The '467 patent discloses and claims, *inter alia*, novel prostaglandin nitroderivatives having improved pharmacological activity and enhanced tolerability, including compositions and uses thereof.  Plaintiffs hold all substantial rights in the '467 patent and have the right to sue for infringement thereof.  A copy of the '467 patent is attached hereto as Exhibit 1.

## SABA'S INFRINGING ANDA SUBMISSION

18.     Upon information and belief, Saba filed or caused to be filed with the FDA ANDA No. 218547, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

19.     Upon information and belief, Saba's ANDA No. 218547 seeks FDA approval to engage in commercial manufacture, use, and sale in the United States of Saba's generic latanoprostene bunod product, intended to be a generic version of Vyzulta®.

20.     On or about July 25, 2025, Plaintiffs received a letter from Saba dated July 23, 2025, purporting to be a Notice of Paragraph IV Certification regarding ANDA No. 218547 ("Saba's Notice Letter") under Section 505(j)(2)(B)(iv) of the Act and 21 § C.F.R. 314.95.  Saba's Notice Letter was addressed to each of Plaintiffs.

21.     Saba's Notice Letter alleges that Saba has submitted to the FDA ANDA No. 218547 seeking approval to engage in the commercial manufacture, use and/or sale of Saba's generic latanoprostene bunod product, intended to be generic versions of Vyzulta®.

22.     Upon information and belief, ANDA No. 218547 seeks approval of Saba's generic latanoprostene bunod product that is the same, or substantially the same, as Vyzulta®.

## COUNT I FOR PATENT INFRINGEMENT

### Infringement of the '467 Patent Under § 271(e)(2)

23.     Paragraphs 1-22 are incorporated herein as set forth above.

24.     Under 35 U.S.C. § 271(e)(2), Saba has infringed at least one claim of the '467 patent by submitting, or causing to be submitted to the FDA, ANDA No. 218547 seeking approval for the commercial marketing of Saba's generic latanoprostene bunod product before the expiration date of the '467 patent.

25.     Upon information and belief, Saba's generic latanoprostene bunod product will, if approved and marketed, infringe at least one claim of the '467 patent.

26.     Upon information and belief, Saba will, through the manufacture, use, import, offer for sale, and/or sale of Saba's generic latanoprostene bunod product, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '467 patent.

27.     If Saba's marketing and sale of Saba's generic latanoprostene bunod product prior to the expiration of the '467 patent, including any PTE, is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II FOR PATENT INFRINGEMENT

### Declaratory Judgment of Infringement of the '467 Patent

28.     Paragraphs 1-27 are incorporated herein as set forth above.

29.    These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

30.    There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

31.    Saba has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Saba's generic latanoprostene bunod product before the expiration date of the '467 patent, including Saba's filing of ANDA No. 218547.

32.    Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Saba's generic latanoprostene bunod product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '467 patent.

33.    Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of use, sale, and/or importation of Saba's generic latanoprostene bunod product will constitute infringement of at least one claim of the '467 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and against Saba on the patent infringement claims set forth above and respectfully request that this Court:

1.    Enter judgment that, under 35 U.S.C. § 271(e)(2), Saba has infringed at least one claim of the '467 patent by submitting or causing to be submitted ANDA No. 218547 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Saba's generic latanoprostene bunod product before the expiration of the '467 patent, including any PTE;

2.      Order that the effective date of any approval by the FDA of Saba's generic latanoprostene bunod product be a date that is not earlier than the expiration of the Asserted Patent, including any PTE, or such later date as the Court may determine;

3.      Enjoin Saba from the commercial manufacture, use, import, offer for sale, and/or sale of Saba's generic latanoprostene bunod product until expiration of the Asserted Patent, including any PTE, or such later date as the Court may determine;

4.      Enjoin Saba and all persons acting in concert with Saba from seeking, obtaining, or maintaining approval of Saba's ANDA No. 218547 until expiration of the Asserted Patent, including any PTE;

5.      Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees; and

6.      Award Plaintiffs such further and additional relief as this Court deems just and proper.

Dated: August 29, 2025                          s/ William P. Deni, Jr.
       Newark, New Jersey                  William P. Deni, Jr.
                                                       J. Brugh Lower
                                                       **GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4500
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*
*Bausch & Lomb Incorporated,*
*Bausch & Lomb Ireland Limited,*
*and Nicox S.A.*